**Petition for Naturalization of Manuel Antonio DA SILVA.**

**No. 96775.**

United States District Court
D. New Jersey.
April 24, 1956.

Meyer Lennick, Newark, N. J., for petitioner.

Julius Goldberg, Naturalization Examiner, U. S. Dept. of Justice, Immigration & Naturalization Service, Newark, N. J., for Govt.

SMITH, District Judge.

This matter is before the Court on a petition for naturalization, Petition No. 96775, filed under the Immigration and Nationality Act as amended, 8 U.S.C.A. § 1101 et seq., and the objection thereto interposed by the Examiner of the Immigration and Naturalization Service. The objection is based upon the express provisions of Sections 1427 and 1101 of Title 8 U.S.C.A.

### Facts

#### I.

The petitioner, a native and subject of Portugal, entered the United States in 1928. He was lawfully admitted for permanent residence on January 18, 1940 and has resided continuously in the United States since that time. He is admittedly a resident of New Jersey.

## II.

When the petitioner entered the United States he was lawfully married to one Deadade Rodriguez, a native of Portugal, whom he had married on April 26, 1926, and who still resides in Portugal.

## III.

■ The petitioner instituted a divorce proceeding in the Third Judicial District of the State of Morelos, Republic of Mexico, and thereafter a final decree was entered in the proceeding on October 4, 1945. The decree purportedly dissolved the marriage of the petitioner and the said Deadade Rodriguez. It is conceded that neither the petitioner nor his said wife was domiciled in Mexico at any time. The divorce was therefore invalid under the laws of New Jersey. State of New Jersey v. De Meo, 20 N.J. 1, 118 A.2d 1, and the cases therein cited.

## IV.

The petitioner married one Johanna F. Kollar on August 11, 1947. The petitioner and the said Johanna have been living together as husband and wife since the purported marriage. This relationship is, under the law of New Jersey, bigamous and adulterous.

### Discussion

■ The burden is upon the petitioner to prove that he meets the qualifications prescribed by Section 1427 of Title 8 U.S.C.A., Section 1427(a). It is therein provided: "No person, * * *, shall be naturalized unless such petitioner, * * * (3) during all the period referred to in this subsection has been and still is a person of good moral character, * * *." Subsection (f) (2) of Section 1101 of Title 8 U.S.C.A., provides: "For the purposes of this chapter—No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was—one who during such period has committed adultery." We are of the opinion that the petitioner fails to meet the qualifications prescribed by the Act.

### Conclusion

The petition for naturalization should be dismissed for the reasons herein stated.